FRANDSEN v. THE C., R. I. & P. R. Co.

36 372
78 585
36 372
86 375
36 372
87 214
36 372
88 413
36 372
92 220
36 372
94 692
36 372
98 551
101 547.
36 372
106 59
36 372
112 664
36 372
128 212
36 372
e130 584
j130 589
36 372
140 143
140 338

1. **Practice: ON APPEAL.** Where, upon the question of negligence, in an action against a railroad company, the testimony is conflicting, the verdict of the jury fairly arrived at, under all the circumstances and facts of the case, will not be disturbed.

2. **Railroad: INJURIES TO EMPLOYEES.** A person employed as a section hand whose duty it is with others to keep a certain distance of the railroad in repair, and to go with them on the track in a hand-car for that purpose, is within the statute making railroad companies liable to their employees for injuries resulting from negligence of co-employees.

3. **Instructions: REFUSAL OF.** It is not reversible error to refuse an instruction which announces merely an abstract proposition of law, nor one the practical part of which has already been given by the court.

4. —— So where an instruction bases the non-liability of defendant upon part of the facts proved, leaving unmentioned equally important facts bearing on the subject, it should be refused.

5. **Railroad: INJURIES TO EMPLOYEES.** The bare fact that an employee is directed by his superior in charge to perform an act at a time and under such circumstances as that a person would reasonably apprehend danger therefrom, would not justify his disobedience of such orders; hence to assume such position of danger in obedience to such direction is not, of itself, negligence.

6. —— While an employee would have no cause of action for injuries received in such case, since he was employed for and paid for assuming such position of danger, yet, if the danger was created by reason of the prior negligence of co-employees, or if, by reason of their negligence, the injury was caused to him, then he may recover.

7. **Jury and verdict: RECALLING JURY.** When a jury, after considering their verdict for a long time, have failed to agree, it is not prejudicial error for the court, the jury being recalled, to give them in writing practical suggestions as to their duty in each re-examining for himself the grounds of his opinion, and in renewing their efforts to agree.

*Appeal from Crawford Circuit Court.*

FRIDAY, APRIL 25.

THIS is an action to recover for injuries to the plaintiff resulting from a collision of a train and hand-car on the defendant's railroad, February 7, 1870. The issues made by the

pleadings are, as to defendant's negligence, the plaintiff's care and as to the settlement of the claim. A trial by jury in June, 1872, resulted in a verdict and judgment for plaintiff for $4,916.66. The further facts are set forth in the opinion. The defendant appeals.

*Baldwin & Wright* and *Gatch, Wright & Runnells* for the appellant.

*Clinton, Hart & Brewer* and *E. A. Babcock* for the appellee.

COLE, J. — I. The question most elaborately discussed at bar was, whether the verdict is contrary to the evidence. The evidence alone covers fifty-seven pages of the abstract, and our statement of it must, therefore, be very much condensed. The plaintiff is a Dane and aged 42; he had been in the employment of the defendant as a section hand, a year and a half before the accident, which occurred February 7, 1870, about two miles east of Shelby, a station on defendant's road. On the morning of that day, the plaintiff and three other men, besides the section boss — five in all — with their tools, started east with and rode on a hand-car, about two miles, crossing a bridge, between which and a cut, about a half mile distant, they stopped and picked up some skivers and put on the car. The passenger train going west was then due, and the section boss so stated (the train was, in fact, about two minutes behind time), but he directed the men to proceed with the hand-car east, which they did, all being on the car, until they reached near the middle of the cut, which was about fifteen feet deep and three hundred feet long, both the entrance and exit being made on a curve. A part of the witnesses fix the place reached, entirely west of the cut; and upon this there is conflict. At the place reached, whether it was in the cut or west of it, all of the men heard the train before they could see it, and by direction of the boss, at once stopped their hand-

*(margin note: 1. PRACTICE: on appeal.)*

car, which weighed about 500 pounds, and commenced to lift it off the track, as the train going west, at from twenty-three to twenty-five miles an hour, came in sight about two hundred and fifty feet distant around the curve and whistled; just at this moment, one of the men slipped and fell on the track, and another let go the hand-car, then about one-third off, to pull the fallen man from the tract; the boss and the other two men, the plaintiff being one, made a further effort to remove the hand-car and could not; in the meantime, the train approached so near, that, at the direction of the boss, all the men fled leaving the hand-car on the track; all, except the plaintiff, ran east and were unharmed, while he, being at the west end of the hand-car, ran west, in the direction the train was going, and when the engine hit the hand-car it knocked one of the wheels off and against the plaintiff with such force as to break one of his legs and one arm, and from which he was confined to his house for months and is probably a cripple for life.

We cannot, of course, in the proper limits of an opinion, discuss the evidence and give at length the reasons leading to our conclusions; we can only state results. First, as to the negligence of the defendant. Whether the accident occurred in the cut is not certain from the evidence. The jury must have found that it did, and this, in view of the conflict, is conclusive upon us. Negligence cannot justly be imputed to the defendant because of the fall of one of the men, a mere accident, or, the leaving of the hand-car by another in order to pull him from the track—a pure act of humanity. The only point whereon negligence can be grounded was the order by the boss, when the train was due, and without sending forward a sentinel, to proceed with the hand-car into the cut, where, by reason of the curve, the train could not be seen in time to secure the certain removal of the hand-car from the track. Whether this was negligence or not is purely a question of fact for the jury, to be determined upon all the evidence and circumstances. They have found that it was; we cannot say as a matter of law, that it was not; nor, that the finding was

manifestly against the evidence. It is said, however, that the injury would not have occurred, but for the mere accident of the man in falling. In answer to this it may be said that the fall of the man was only the occasion, and not the cause of the injury, that ordinary care would have guarded against the injury, despite the fall, and that the verdict of the jury necessarily included this.

Second, as to the negligence of the plaintiff. It is said primarily, that if it was negligence for the boss to order the man to enter the cut with the hand-car, it was alike negligence on the part of plaintiff to go upon it, and that he should have refused. A judicial sanction to such insubordination would breed an infinity of accidents. Although the train was behind time, this would not justify the boss and men, who constitute the repairing force, in setting off their hand-car and awaiting the train. It might not arrive for hours, or possibly might itself be awaiting the arrival of the hand-car with men, tools and materials to repair a breach or remove obstructions which stayed its progress. The repairing force, then, should move on both prudently and obediently, to the discharge of its full duty. But, secondarily, it is said that the plaintiff was negligent in that he ran westerly, in the very line of promised destruction, instead of easterly, to a position of manifest safety. In the cool restrospect of the situation one will almost involuntarily say, "how careless he was to run that way;" and yet, if it be remembered that the plaintiff had stood by his duty in labored, faithful and perhaps confident efforts to remove the hand-car and avoid all danger, without the thought of other escape, until the last moment, and then, in bewildering terror as he turned to flee he found the hand-car east of him and the ponderous train, threatening death, approaching him from that direction, nothing was more natural or instinctive, than that he should take the open way and flee *from* rather than *toward* the train which threatened him with destruction. Under such circumstances when the jury have said, as a matter of fact, that it was not negligence, we cannot, as a matter of law, say that t was.

Upon the question of a settlement of the claim and payment of it in full, there was the greatest contrariety of testimony; and the finding of the jury was in accord with its preponderance.

II. The second question in order, and upon which counsel bestowed much consideration, is, whether the employment in which this plaintiff was engaged comes within

**2. RAILROAD: injuries to employees.** the provisions, and the constitutional limitations upon them of our statute making railroad companies liable to their employees for injuries resulting from the negligence of their co-employees. § 7, ch. 169, Laws 1862, and Const., art. 3, § 30. The constitutionality of that act, within certain limitations, has been already adjudicated by this court. See *McAunich* v. *The M. & M. R. Co.*, 20 Iowa, 338; *Ney* v. *The D. & S. C. R. Co.*, id. 347, and *Deppe* v. *The C., R. I. & P. R. Co.*, ante, 52.

Under these rulings is the plaintiff within the statute? Acknowledging the cogency and power of the very clear and able argument made at bar by the senior counsel for appellant, we are, nevertheless, constrained, but with much of doubt, to hold that he is. In view of all the facts and the entire argument, the plaintiff was, it seems to us, in the language of the first case above cited, "engaged in the business of a railroad company;" or, in the language of the second, he was "engaged in operating the road and the like;" or, in the language of the last case, his "services related to the perilous business of railroading." We do not know that any argument we could make would add force or satisfaction to our conclusion.

III. The defendant's counsel asked the court to give the following instruction: "1. The employee of a railroad company is presumed to have full knowledge of the dan-

**3. INSTRUCTIONS: refusal of.** gers incident to his employment, and greater care and caution is required of him to prevent or avoid collisions or accidents than of persons not so employed." The court refused to give it, and this is assigned as error.

This instruction embodies a substantially correct abstract proposition of law, and it would not have been error to give

it; nor was it error to refuse it, since it was a mere abstract proposition, and since the court gave the practical part of it, in effect, in the sixth instruction given by the court to the jury.

IV. The court also refused to give the following instruction, asked by the defendant: "2. If plaintiff was notified or had knowledge of the approaching train, and was also notified by the person under whose charge he was working to get out of the way of the approaching train, and plaintiff had time and opportunity to do so and did not, then defendant is not liable."

In the review of the question of fact, first above considered, the real and practical objection to this instruction is stated. It is, that although the plaintiff may have been notified to get out of the way, and had time and opportunity to do so, yet, the alarming and confusing circumstances surrounding the plaintiff may have been such as that a man of ordinary care and prudence might not have acted differently. In other words, the whole case could not properly be made to rest upon the three facts of notice, time and opportunity to escape. All the attending circumstances should be considered, and inasmuch as the instruction made the liability of the defendant to depend wholly upon the three facts stated, and excluded all the other facts and circumstances from the consideration of the jury, or ignored them, it was not error to refuse it. The difference is manifest between this case and the case of *Wilds* v. *H. R. R. Co.*, 24 N. Y. 430. The same objections obtain with equal force and applicability to the third and fourth instruction asked and refused.

V. The defendant also asked the following instruction, which was refused: "7. If the jury find that the plaintiff was instructed by the section-foreman to assist in removing the hand-car, at a time when a person exercising ordinary care and prudence would reasonably apprehend danger to his life or limb, he is not required to obey such instruction; and if the jury further find that he does follow such instruction and is injured, and that

5. RAILROAD: injuries to employees.

by disobeying the same the injury could, by the exercise of ordinary care and judgment, have been avoided, then the defendant is not liable."

Under the evidence it was not error to refuse this instruction. We would not say that it might not properly be given in some possible case. But the bare fact, that a position to which an employee is ordered for the discharge of his duty is a dangerous one, will not justify his disobedience, since he was employed for that duty, and its discharge may be necessary to save the lives of others ; and a failure to do his duty or disobedience under such circumstances might be negligence on his part, rendering the employer liable to others injured thereby. To assume a position of danger is not necessarily negligence ; but it is often a clear duty ; and an employee, in such case, even if injured, would have no right of action, since he was employed for such position of danger and paid for assuming it. If, however, the prior negligence of others unnecessarily created the danger, or, by reason of the negligence of others, the injury was caused to him, then he may have his action.

VI. The cause was submitted to the jury and they retired to consider of their verdict at nine o'clock on the morning of

7. JURY AND VERDICT: recalling jury.

Saturday, June 15. On the next day, Sunday, they sent a communication to the judge asking further instructions ; he sent a reply, the precise language of which is not given, declining to instruct them on that day. On Monday morning, as the court met pursuant to adjournment, the sheriff was directed to bring the jury into court, which he did. The court, in writing, then said to the jury in substance, that any request made by them in writing for instructions would be complied with ; that there should be a reasonable prospect of agreement ; that it was the duty of each juror to lay aside all pride of judgment and carefully review the ground of his opinion ; that the case had been long pending and had now been exhaustively tried ; that a new trial would entail a large expense, etc., and in view of those facts they were directed to return to their rooms, etc., and examine

their differences in a spirit of fairness and candor. All this was objected to by defendant. But we fail to discover either error or prejudice in any of it. What the court said was abundantly true and practical and ought to have occurred to the jury without the necessity of having it said to them by the court.

The exceptions to the instructions given are substantially disposed of in the ruling upon the second point above. We have thus passed upon all the points made and discussed by counsel, and while we acknowledge to much of doubt as respecting two or three of them, yet our best judgment, as above given, leads us to order that the judgment of the court below shall stand.

Affirmed.