CAMPBELL v. THE C., R. I. & P. R. Co.

1. **Evidence**: MATERIALITY: RAILROADS. In an action against a railway company for damages for causing the death of plaintiff's intestate, evidence to the effect that the company offered to pay the latter's funeral expenses is not material.

2. **Railroads**: HAND CAR: NEGLIGENCE. It is not necessarily negligence to run a hand car over a railway when a train is past due, even though more than ordinary danger is incurred thereby. The measure of care required must be estimated with a view to the safety of the employes operating the hand car, and of the passengers upon the train, and determined by the facts of each particular case.

*Appeal from Guthrie District Court.*

MONDAY, DECEMBER 11.

THE plaintiff's intestate, her husband, Michael Campbell, was in the employ of the defendant as a section hand on its railroad, and while so in its employ was fatally injured by being run over by a hand car. The accident occurred in the following manner: The hand car was moving eastward under the direction of the section boss; the deceased and three or four others were riding on it for the purpose of inspecting the road; the passenger train from the east was past due; the ap-

proach of the passenger train was discovered when about forty or fifty rods distant; the brake was applied to the hand car to stop it; the deceased stepped or was thrown off in front of the hand car and was run over by it and received injuries of which he died. The plaintiff claims the right to recover on the ground that the section boss was negligent in running said car.

Verdict and judgment for plaintiff. Defendant appeals.

*Wright, Gatch & Wright,* for appellant.

*Carpenter & Whitney,* for appellee.

ADAMS, J. — I. The plaintiff testified that she paid the funeral expenses of her husband. She was then asked by her counsel the following question: "Did any one offer to pay them, and if so, who? Was it any one on the part of the railroad company?" This question was objected to as immaterial, and the objection overruled; and she answered that Mr. Cox, the road master, offered to pay the funeral expenses.

1. EVIDENCE: materiality: railroads.

In admitting this testimony we think that the District Court erred. We can conceive of no reason why it was introduced except as an admission on the part of the company of its liability, and it could not, of course, be properly introduced for that purpose. It is claimed by the appellee that it was introduced to prove that the deceased was in the employ of the company, but it did not tend to prove such fact. In no aspect could it be so regarded except as involving an admission of liability, and it is not claimed that it was admissible for that purpose.

II. The court gave the jury the following instruction:

"11. Unless there was more than ordinary danger in so doing, the section boss was not required to refrain from going on the track with his hand car and men, because the express train was behind time, and until it should have passed; and if you find that there was no reasonable apprehension of danger in his so doing, and that after going on the track he proceeded with due care toward the approaching train, and did not run so close thereto as that

2. RAILROADS: hand car: negligence.

he did not have sufficient time to remove the car from the track with safety to the men before the train reached them, then he was not guilty of negligence in so doing."

In giving this instruction we think that the court erred. The plain implication is that if there was more than ordinary danger the section boss should have refrained from taking the section hands upon the track until the train should have passed. There is, of course, more than ordinary danger in operating a hand car upon a track where a train is past due from either direction. Yet we have no doubt it is sometimes necessary that this should be done. If section hands should refrain from going upon the road at such times, the road would be uninspected no inconsiderable portion of the time. The necessity of inspection and repairs must be as great when trains are past due as at any other time. Indeed, it must often be greater. Time is often lost by trains by the general bad condition of the road. The safety of passengers requires that vigilance respecting the road bed should not be relaxed at all times when trains are past due.

What measure of care is necessary in running a hand car where trains are past due is another question. Reference should be had to the safety of the employes on the hand car on the one hand, and to the discharge of their duty so as to omit no reasonable care required by the safety of passengers on the other hand. Difficulties may arise by reason of these conflicting considerations. If so, each case must be determined upon its own facts. It is sufficient to say, in this case, that the safety of the section hands was not of such paramount importance as to make it necessarily negligence in the section boss to take them upon the road in the hand car when a train was past due, although more than ordinary danger was incurred thereby. *Frandsen v. The Chicago, Rock Island & Pacific R. R. Co.*, 36 Iowa, 372.

We are of the opinion that the judgment of the District Court must be

REVERSED.