Foley v. The Chicago, Rock Island & Pacific R'y Co.

FOLEY v. THE CHICAGO, ROCK ISLAND & PACIFIC R'Y CO.

1. **Railroads**: INJURY TO CAR-REPAIRER BY NEGLIGENCE OF CO-EM-
PLOYE: LIABILITY OF COMPANY: CODE, § 1307. A car-repairer, whose
duty was to repair cars on the track, but who had nothing to do with
cars in motion, except to ride on passenger or freight trains to and from
the places where his services were required, was not engaged in the
operation of a railway within the meaning of section 1307 of the Code,
and cannot recover of the company for an injury received while in the
discharge of his duty, through the negligence of a co-employe. *Deppe
v. C., R. I. & P. R'y Co.*, 36 Iowa, 52, distinguished.

2. ———: ———: VICE-PRINCIPAL: WHO IS NOT. In such case, where the
negligence causing the injury was on the part of the foreman of the
force with which plaintiff was connected, but the foreman had no
authority over his men, except to direct them about their work, *held*
that he was but a co-employe, and not a vice-principal of the company.

3. ———: ———: NEGLIGENCE IN CONSTRUCTION OF REPAIR TRACK:
EVIDENCE. The fact that in such case the repair track on which plaint-
iff was injured was upon a grade of sixty-three feet to the mile, did not
render the company liable on account of negligence, if there was any,
in so constructing it, when it is not shown that the grade was the proxi-
mate cause of the injury.

4. **Practice**: ORAL MOTION TO DIRECT VERDICT. A motion for a ver-
dict notwithstanding the evidence need not be in writing.

*Appeal from Polk Circuit Court.*

THURSDAY, OCTOBER 23.

THIS is an action for a personal injury received by the
plaintiff while engaged in repairing a car of the defendant,
which was standing upon a side track in the city of Des
Moines. When the plaintiff had introduced all of his evi-
dence, and rested his case, the court, on motion of the defend-
ant, directed the jury to return a verdict for the defendant.
The plaintiff appeals.

*Cole, McVey & Clark*, for appellant.

*Wright, Cummins & Wright*, for appellee.

ROTHROCK, CH. J.—I. For some time prior to receiving

the injury for which the action was brought, the plaintiff had

**1. RAILROADS: injury to car-repairer by negligence of co-employe: liability of company: code, § 1307.**

been in the employ of the defendant as a car-repairer. His work was on the line of railroad, and not in the machine or repair shops, and the repairs he and the others of the force with whom he worked was required to make were such as could be made upon the track and side tracks of the road.

On the morning of the ninth of June, 1882, plaintiff assisted in making certain repairs on a car standing on the hospital or repair track, in the yards of the defendant at Des Moines, and from there proceeded to repair another car upon the same track. Plaintiff and his co-laborers raised one end of the body of the car from the track with jack-screws, and plaintiff and another man then went under the car at the raised end to make the required repairs, and while there the car moved forward and tilted the jack-screws, and one of the wheels ran on to the plaintiff's foot and crushed it, so that amputation became necessary. It is alleged that the wheels of the car had not been blocked, and that at the time of the injury an employe was using a bar or lever upon the part of the truck where the plaintiff was repairing. It is claimed by plaintiff that the prying with the lever at the place where it was done was unusual, and that the movement of the car was caused thereby, and that he would not have been injured if the car had been blocked. It also appears that the track upon which the car stood was upon quite a considerable grade.

The main question in the case, as we understand it, is whether the plaintiff was engaged in the service of the defendant in such capacity that he is entitled to recover damages for an injury by reason of the negligence of a co-employe. To determine this question it is necessary to ascertain from the testimony the nature and scope of the plaintiff's duties as an employe of the defendant. The plaintiff testified upon this point substantially as follows:

The headquarters of the force of car-repairers to which

plaintiff belonged was at Des Moines.   Plaintiff did no work in shops, but repaired cars on all of the tracks of the company in the yard at Des Moines.   He also assisted in repairing cars at other stations along the road, as far west as De Soto, and as far east as Newton.   Some weeks he went three or four days to other places than Des Moines, and other weeks not more than one day.   He was required to go wherever repairing was to be done, and sometimes the cars were repaired in the trains, and at other times they would be set off from trains for that purpose.   When he went to stations away from Des Moines, he traveled sometimes on a freight and sometimes on a passenger train, and upon passes furnished to him by the foreman of the car-repairers.   If he traveled on a freight train, he rode in the caboose.   He did not go out on any train after June 1, 1882.

While going on the trains east or west as car-repairer, if there was a hot box broken in the train, plaintiff was required to assist in repairing it, and, if at a station where a defective car was set out, he was required to assist in its repair.

The question to be determined is whether, under section 1307 of the Code, which is the law now in force in reference to the liability of railroad companies for injuries resulting to an employe by reason of the negligence of a fellow-servant, there can be any recovery under the facts in this case.

There was no liability at common law.  *Sullivan v. M. & M. R'y Co.*, 11 Iowa, 421.   By section 7, chapter 169, of the Laws of 1862, it was enacted that "every railroad company shall be liable for all damages sustained by any person in consequence of any neglect of the agents, or by any mismanagement of the engineer or other employe of the corporation, to any person sustaining such damage."   This act was held to be constitutional in the cases of *McAunich v. The M. & M. R'y Co.*, 20 Iowa, 338, and *Ney v. D. & S. C. R'y Co.*, Id., 347.   It was held in those cases that the law was not repugnant to article 3, section 30 of the constitution, which requires that "all laws shall be general and of uniform oper-

ation throughout the state." The ground of these decisions was that " the same liability is extended by the act upon the same terms to all in the same situation"; and in the last named case it was held that " in connection with railroads the term *employe* applies to conductors, agents, superintendents, and others engaged in operating the road, and the like, and not to contractors or persons building or constructing the road-bed, or laying down the ties and rails." The case of *Deppe v. The C., R. I. & P. R'y Co.*, 36 Iowa, 52, was determined under this statute. In that case the plaintiff was employed in shoveling earth on flat cars. The earth was hauled by an engine about two and one-half miles from the bank to where it was used in making an embankment at a bridge. Sometimes plaintiff went with the train to unload, and at other times he remained at the bank to undermine with a pick, etc. While engaged in shoveling on a car the impending bank fell upon him and injured him.

Under these facts it was held that the plaintiff's duties were such as to authorize a recovery under the statute. The court said: " The manifest purpose of the statute was to give its benefits to employes engaged in the hazardous business of operating railroads. When thus limited, it is constitutional; when extended further, it becomes unconstitutional."

This further language is employed in the opinion in that case: " We have thus stated our views at some length, to avoid misconstruction, for we hold that the court held correctly in refusing the instruction asked, and this because the employment of the plaintiff was connected with the operation of a railway train. It is true, he was not injured while, or by, operating the train, but neither the act itself nor the constitutional limitation requires us to put this very narrow construction upon it. The plaintiff was employed for the discharge of a duty which exposed him to the perils and hazards of railroads; and, although the injuries did not arise from such hazards, they cannot be separated from the employment. *If the plaintiff had been employed exclusively for shovel-*

*ing or loading the dirt, he could not recover, although he might have rode to and from his work on the cars."* In 1870 this court determined that a railroad company was not liable where the engineer in charge of an engine intentionally and willfully ran his engine against live stock. *Cooke v. Ill. Cent. R'y Co.*, 30 Iowa, 202.

In April, 1872, the legislature passed another act fixing the liability of railroad companies, which is as follows:

"Section 1. That every corporation and person owning or operating a railroad in this state shall be liable for all damages sustained by any person in consequence of the *willful wrongs*, whether of commission or omission, of their agents and employes, when *such willful wrongs are in any manner connected with the use and operation of any railroad* so owned or operated, on or about which they shall be employed." Chapter 65, Laws of Fourteenth General Assembly.

The present Code was adopted in 1873, and section 1307 is as follows:

"Every corporation operating a railroad shall be liable for all damages sustained by any person, including employes of such corporation, in consequence of the neglect of agents, or by any mismanagement of the engineers or other employes of the corporation, and in consequence of the willful wrongs, whether of commission or omission, of such agents, engineers or other employes, when such wrongs are in any manner connected with the use and operation of any railway on or about which they shall be employed, and no contract which restricts such liability shall be legal or binding."

It will be seen that the two acts of 1862 and 1872 were consolidated into one. Counsel for appellant claim that the union of these two separate and independent acts of 1862 and 1872 did not modify the act of 1862 in any respect, but that the liaibility remains the same as before for acts of mere negligence, and that the words, *"when such wrongs are in any manner connected with the use and operation of any rail-*

way," in section 1307 of the Code, refer to the "*willful wrongs*" only, and not to the neglect of agents, or mismanagement of engineers, mentioned in the preceding part of the section.   We think it was the evident purpose of the legislature, in adopting this provision of the Code, to fix the liability in all cases, and not to leave the courts to complete the statute by judicial construction, as was done with the act of 1862.   If we were to adopt the rule in Deppe's case as governing the first clause of the section, it would be necessary to read the rule between the lines.  We think it is not necessary to do that, but that the words " such wrongs " may fairly be said to refer to the whole of the preceding part of the section.   In a certain sense, all injuries resulting from negligence and mismanagement are wrongs; and it is not to be supposed that the legislature intended that the employment of the injured party should be different when he claims damages by reason of negligence from what it is when the wrong done him is willfully done.

With the exception of Deppe's case, all the actions in which this court has determined that railroad companies are liable in this class of cases are those where the injury was received by the movement of cars or engines upon the track. See *Frandsen v. R'y Co.*, 36 Iowa, 372; *Schroeder v. R'y Co.*, 47 Id., 375; *McAunich v. R'y Co.*, 20 Id., 338; *McKnight v. R'y Co.*, 43 Id., 406; *Potter v. R'y Co.*, 46 Id., 399; *Smith v. R'y Co.*, 59 Id., 73 ; *Malone v. R'y Co.*, 61 Id., 326, and other cases.

We think, however, that the rule in Deppe's case is not materially different from the rule as now fixed by statute. This court has not recognized any distinction in determining cases of this character.  See *Malone v. R'y Co.*, and *Smith v. Railway Co.*, above cited.   In that case the rule is recognized as the same, and Deppe's case was discussed as though the rights of the parties were the same.   In that case it is said: " Deppe was a train-man; he was part of a gang who worked with a train, and part of his duties were peculiar

to the operation of a railroad, as unloading cars in a train standing upon a track and attached to an engine."

Applying this test to the evidence in the case at bar, we think the plaintiff does not come within any rule which has been adopted by this court.    It is true, he was at times required to take passage upon the caboose of a freight train, or in the coach of a passenger train, to ride to his work, but he was not required to engage in his employment at points where there were moving trains.    It was held in Deppe's case that, " if the plaintiff had been employed exclusively in shoveling or loading the dirt, he could not recover, although he might have ridden to and from his work on the cars." That is about as near as plaintiff in this case brings himself, by his evidence, to the perils attending the operation of the road. Riding to and from his work when required to go to points away from Des Moines is about all the danger to which he was exposed from the operation of the road.    He was not a train-man, and had nothing to do with the running of trains. Deppe was connected with the train upon which he worked, not as a brakeman, fireman, engineer or conductor, but as one of the force necessary to make up the crew of a construction train.

II.    It is next claimed by counsel for appellant that there was evidence tending to show that the plaintiff was injured by the negligence of a superior.    It is insisted that the man Gilligan, who worked the lever and moved the car, was a vice-principal, and that the defendant is liable for his negligence at common law.    We do not think there was any evidence upon which such a claim can be founded.    It is true, Gilligan was foreman of the force with which the plaintiff was connected.    But it is not shown that he had any authority over the men under his charge, except to direct them about their work.    It does not appear that he had authority to employ or discharge his men, and it is shown that he labored with his men as one of the gang, and was engaged in such labor when the plaintiff received

his injury. *Houser v. C., R. I. & P. R'y Co.*, 60 Iowa, 230, and *Peterson v. Whitebreast Coal and Mining Co.*, 50 Id., 673.

III. It is claimed by counsel that there was evidence tending to show that the hospital or repair track where the injury occurred was negligently constructed, and that the defendant is liable for negligence in failing to furnish a proper track upon which to make the repairs.

*3. ——: ——: negligence in construction of repair track.*

It is shown in the evidence that the track was constructed upon a grade of about sixty-three feet to the mile. But there is not one word of testimony as to whether the grade was unusual, or whether the surface of the earth was such as to admit of different construction. Indeed, it is not shown that the grade of the track was the proximate cause of the injury. If there was any negligence in this respect, it consisted in a failure to block the wheels of the car. It appears that blocks were used for this purpose while repairing the other car on the same track.

IV. Lastly, it is claimed that the motion to direct the jury to return a verdict for the defendant was not in proper form. The motion was oral. It is urged that it should have been in writing, and should have set out the facts and conclusions which the defendant admitted.

*4. PRACTICE: oral motion to direct verdict.*

We think that a written motion is not required, and that such has not been the practice. The question to be determined by the court upon the motion was whether there was any evidence introduced which tended to prove the issues in the case. It surely was not necessary to set out the evidence, or the facts proved, in a motion. The court in such cases is presumed to know what testimony has been introduced, and the ruling can be as intelligently made by an oral motion as by a written one. We think the court did not err in directing a verdict for the defendant.

AFFIRMED.