Lee, &c., v. Marion National Bank, &c.

CASE 6—PETITION EQUITY—FEBRUARY 7.

# Lee, &c., v. Marion National Bank, &c.

APPEAL FROM MARION CIRCUIT COURT.

TAX COLLECTOR—CONTROL OVER MONEY COLLECTED—RIGHTS OF SURE-
TIES.—A sheriff, as collector of railroad taxes, had absolute control of
the money collected by him, and neither the county nor the sinking
fund commissioners had any right to interfere with any disposition
he might choose to make of the particular money collected by him
from time to time, the remedy being on the bond. Therefore, a bank
in which he had the money on deposit had the right, with his consent,
to apply it to the payment of a debt he owed the bank, and the sure-
ties in his bond who have been compelled to answer for his default
can not require the bank to account to them for the money.

J. P. THOMPSON FOR APPELLANTS.

The account of A. K. Russell, collector, was a fiduciary account, and the
alleged arrangement between the bank and Russell by which the pri--
vate debt of Russell was to be liquidated out of that fiduciary account
was unlawful. (Addison on Contracts, sec. 824.)

W. J. LISLE FOR APPELLEES.

Russell simply deposited his money in bank as any other ordinary de-
positor, and the uncontradicted proof is, that as a depositor he directed
this money to be applied to the payment of a balance due on his
seven thousand dollar loan. But the bank had the right, even with-
out Russell's direction, to make this appropriation, the bank being
the holder of the note. (Morse on Banking, vol. 2, sec. 559.)

The sureties of Russell had no lien on this money collected and
deposited by Russell. (Clore v. Bailey, 6 Bush, 77.)

The fact that it was tax money, and the bank knew, or ought to
have known, it was tax money, does not alter the case. (McAfee v.
Bland, 11 Ky. Law Rep., 3.)

All deposits are loans. The identity of the particular money is
lost. (Williams v. Rogers, 14 Bush, 787; Taylor v. Taylor, 78 Ky.,
470; Addison on Contracts, sec. 817; Morse on Banking, vol. 1, sec.
289.)

A banker can not excuse his disobedience to his customers' orders
in due course of business by setting up that he knew, or had reason
to believe, that the customer's order was given in promotion of an
unlawful purpose, or that the customer is going to make a fraudulent

use of the funds. (Morse on Banking, vol. 1, sec. 317; Wetherell v. O'Brien, Superior Ct. of Ill., Jan. 18, 1892, reported in Chicago Law Journal for January, 1892.)

As Marion county could not maintain the suit appellants are trying to prosecute, there is no equity to which they can be substituted.

KNOTT & EDELEN on same side.

Cited: Patterson v. Pope, 5 Dana, 241; Rice v. Downing, 12 B. M., 44; Havens v. Foudry, 4 Met., 247; F. & D. Bank v. Sherley, 12 Bush, 304; Story's Eq. Jur., note 4 to sec. 499c.; Clore v. Bailey, 6 Bush, 77; Fishback v. Bodman, 14 Bush, 117; Commonwealth v. Tate, 89 Ky., 608; McAfee v. Bland, 11 Ky. Law Rep., 1.

JUDGE LEWIS delivered the opinion of the court.

A. K. Russell was sheriff of Marion county for the years 1885-6, and in virtue of his office collector of revenue and county levy. He was also, for the years 1887-8-9, collector of taxes to pay semi-annual interest, falling due in April and October, on bonds executed by the county for amount of its subscription to the capital stock of the Cumberland and Ohio Railroad Company; also a certain amount to the sinking fund for ultimate extinction of the principal.

Not having a sufficient amount of taxes collectible for the year 1888 to pay interest coupons then due, amounting to nine thousand dollars, he, in April, 1889, borrowed from appellee, Marion National Bank, the sum of seven thousand dollars, giving his individual note with security therefor, which was used by him to make up the deficiency.

In October, 1889, he paid to appellee one-half the note, and in April, 1890, the residue, which was about thirty-five hundred dollars.

This action was instituted by appellants, sureties on the bond given by him as collector of the railroad

taxes for the year 1889, to recover back from appellee said sum of thirty-five hundred dollars paid by Russell, April 15, 1890, in discharge of balance of the note or applied by appellee for that purpose.

It appears that Russell commenced May 11, 1889, to deposit with appellee railroad taxes, as he had deposited revenue and county levy taxes from 1885. But the two deposit accounts were kept distinct until January 1, 1890, when the balance in his favor of revenue and county levy taxes collected after his term of office as sheriff expired, was added to his deposit account of railroad taxes, and but one deposit account was thereafter kept, which was that of collector.

The simple question in this case is whether the amount on deposit with Marion National Bank to the credit of Russell as collector, thirty-five hundred dollars of which the former used to pay 'balance of the note, was, at the time, subject to order and control of Russell. For if it was, then he had the right to use it, or authorize Marion National Bank to apply so much as necessary to pay residue of his note. By terms of the bond of Russell, as collector, in which appellants were sureties, he covenanted to pay so much money at specified times, whether then collected or not, or if collected, whether used by him for other purposes or not. In the meantime he had absolute control of the money collected by him, which he might, at his election, deposit in a bank to his credit as collector or in person, subject to his check, retain in his own possession or invest in property. And neither the county or sinking fund commission-

ers had any right to control or interfere with any disposition he might choose to make of the particular money collected by him from time to time; the remedy being on the bond. It would seem, therefore, to naturally result that the Marion County National Bank had the right to use the money deposited by Russell in discharge of a debt he owed, just as well as to apply money of any other debtor for a like purpose. No fraud in the transaction is either proved or alleged, nor does Russell complain. The transaction was entirely legitimate, and the money was paid by Russell, or applied by the bank with his consent, in payment of a debt, the validity or justice of which is not questioned. The sureties of Russell might, by proper proceedings·in equity, have attached or otherwise prevented Russell using the money after being collected and deposited for other purpose than in discharge of his obligation on the bond as collector; but even in that case ‚appellee, we think, would have had the right to apply the money in discharge of the note. But this action was not brought until after the note of the bank had·been paid, and by reason of default of Russell, the sureties had, as they allege, been compelled to satisfy the bond to the extent of Russell's failure to do so.

It appears that the cashier of the bank was also treasurer of the sinking fund. But that fact does not seem to us to make any difference. For if Russell had control of the fund on deposit out of which the note was paid, it was not in the power of the sinking fund commissioners to prevent him using it for that purpose.

Judgment affirmed.