DANIEL HARRIGAN, Plaintiff, Appellee, v. INTERURBAN RAIL-WAY COMPANY, Defendant, Appellant.

**Master and servant:** NEGLIGENCE: SUBMISSION OF ISSUES. Ordinarily
1  negligence of an employer will not be presumed from the happening

of an accident; but where the facts are such that the jury might properly find a neglect of duty in some one or more of the ways charged, the court may not determine the question but the issue should be submitted to the jury. In the instant case the question of whether a section hand was injured as a result of overcrowding the handcar on which he was riding, or running it at an excessive rate of speed, or by suddenly stopping the car and throwing him to the ground, were for the jury.

Same:  CONTRIBUTORY NEGLIGENCE:  EVIDENCE.  One who acts instinctively in the belief of a dangerous situation is not as a matter of law guilty of contributory negligence, when under other circumstances his act might be negligence. Whether plaintiff was negligent in falling from a moving handcar under the facts shown was for the jury.

Same:  ASSUMPTION OF RISK.  An employee does not assume the risk of dangers of which he has no knowledge, actual or presumptive, and which he does not appreciate. The question of whether plaintiff assumed the risk of riding upon the handcar in its crowded condition was for the jury.

*Appeal from Polk District Court.*—HON. JAMES P. HEWITT, Judge.

TUESDAY, DECEMBER 15, 1914.

ACTION for damages for personal injury because of negligence. Verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*Parker, Parrish & Miller,* for appellant.

*A. H. Hoffman,* for appellee.

WITHROW, J.—I. On March 1, 1912, the plaintiff was in the employ of the defendant, working with a section gang, the particular duty on that day being in shoveling snow from the sides of the tracks. The foreman of the force of men with which plaintiff was at work was one Buckley. At a point on the line west of Altoona they were met by another section

crew with its foreman, and as the noon hour approached the two crews used one hand car and went to Altoona for dinner. About 1 o'clock, under the direction of Buckley, they started to return to their work, several miles west of Altoona, all of them, ten men, including the foreman, riding on the one hand car, and on it also were shovels, picks, and other tools to be used in their work. Four of the men stood facing to the west on the car; one man was on each side of the lever used to propel the car, and between the handles; and four men, including the plaintiff, stood with their backs to the west, with their hands on the handle of the lever. Plaintiff testified that he was a farmer by occupation, and that prior to the day of his injury had no experience in riding upon or operating a hand car, nor no knowledge of the dangers attendant upon operating it under the circumstances set out.

The evidence on the part of plaintiff was to the effect that, as they were moving westward, he with his back to the direction in which they were going, after going a distance of about two miles, the hand car was stopped to look for an interurban train which was then past due. The train not being seen or heard, the men were directed to run the car on down the track, westward, and through a cut, and in order to get through it before reaching the train, the men were ordered to pump hard. It was testified that when such direction was given the men resumed their former positions on the hand car, and propelled it downgrade at the rate of fifteen or twenty miles an hour, and succeeded in getting through the cut. After passing through the cut some one gave warning of the approaching interurban car. Upon this being done the plaintiff turned to see where the passenger car was. He testified that upon the warning of the coming car the brake was put on, causing the hand car to lurch, the men at the same time shuffling in their positions, and he was thereby caused to release his hold on the handle bar; that, because of the brake being suddenly put on, the car jerked, and with his hold loosened from the handle bar, he lost his balance and fell from the car, which ran upon him,

and over a part of his body, occasioning injuries. At the time the hand car stopped the interurban car was yet some distance away. The plaintiff gave it as about seventy yards.

Many grounds of negligence were charged, but in the submission of the case to the jury the trial court stated but three, the proof of any one or more of which would, in the absence of contributory negligence, permit a finding for the plaintiff. The negligence submitted was: (1) In permitting more men to ride and be upon the hand car than could safely ride or be thereon; (2) in ordering the plaintiff and the other employees to proceed upon the hand car such a short period of time before the time scheduled for the arrival at that point of the east-bound interurban car, without awaiting the arrival and passage of said car at a point east of the cut; and (3) in operating the hand car at a high rate of speed in a westerly direction, when the east-bound car was known to be rapidly approaching from the west. The verdict was for the plaintiff.

The errors assigned, while many, are, in the discussion of the case, grouped under three general heads, to wit: That no negligence of defendant was shown which proximately caused the injury; that plaintiff contributed to his own injury; and that he assumed the risk as to every act of negligence charged. No error is assigned which does not come within one or another of these general objections, and their determination will be decisive of all questions presented by this appeal.

II. Turning first to the charge of overcrowding the car, counsel for appellant relies largely upon *Bradshaw's Adm'r v. L. & N. R. Co.* (Ky.) 21 S. W. 346, as being in point. That

1. MASTER AND SERVANT: negligence: submission of issues.   case was one where recovery was sought upon the ground that the car was overcrowded, which caused the intestate to fall overboard, thereby losing his life. In passing upon the case that court said:

Now, it is not alleged that the intestate did not know that the car was 'overcrowded;' nor is there any inference to be drawn to that effect. On the contrary, the inference is that,

if such was the fact, he could and did see it, and knew it. Such being the case, it was his right and duty to refuse to obey the orders of the section boss in that regard; but he elected to obey; he took the risk of the overcrowded condition.

The statement of facts which serve as the ground for the foregoing conclusion of the Kentucky court do not find a parallel here. There it was presumed that the employee knew of the overcrowded condition of the car, and the dangers which attended it. Here it was pleaded that plaintiff was inexperienced in the use of a hand car, and knew nothing of the dangers attending its operation, and there was evidence to support this claim. Unless it could be said that the danger resulting from operating the hand car when it was overcrowded was apparent, and was a matter of such common observation, that the plaintiff was bound to know it, the rule of the cited case could not apply. But it will be noted that that case is made to turn upon the question of assumption of risk, rather than that of negligence, the latter claim not being settled by it.

The dimensions of the hand car platform were about four feet four inches in width by six feet in length, a part of the space being taken up by the handle bars, levers, and parts used in its operation. The crew which was on the car when it first went out was seven men. At the time of the accident to plaintiff, and on its trip from Altoona westward, it carried ten men, with a number of tools. The evidence tended to show that the car was crowded, the men wearing heavy clothing, and that for want of room, while there was sufficient space for their feet, they could not all—that is, the four on each side of the handle bars—stand full front, but were compelled to be sideways. There would be fair question whether this condition would be a sufficient showing from which negligence might be found, if it was only a matter of operation under ordinary circumstances, unattended by other conditions which might serve to increase the dangers of the position. But coupled with this fact must be considered the proof that the

foreman knew that the interurban car from the west was due; that when it was directed to run the hand car through the cut at a rapid speed he knew, or was presumed to know, that the increase in movement with the car in its crowded condition would tend to increase the danger to its occupants from loss of balance or other causes; and it was a proper question for the jury whether in that respect there was negligence.

This same condition has bearing upon what followed the warning of the approaching interurban car. It was testified that the brake was suddenly applied, and then again, causing the hand car to rock and lurch, and the men shuffled in their positions; and that these causes operated as the reason for plaintiff loosening his hold on the handle bar, and, following that, his fall and accident. Whether the overloading of the car, its speed at the time of the accident, and the order to proceed at that rate of speed, in view of the known fact that the interurban car might be met at any time, present questions which we cannot say, as a matter of law, are without negligent conditions. While negligence may not be presumed from the happening of an accident, yet, where the facts are such that from them a jury might properly find that there was a failure of duty in some one or more of the ways charged, the courts have not the right to determine to the contrary. Some acts are of themselves so openly and apparently negligent that the proof of them may be taken as presumptive of liability if injury results from them. Others and more generally so are of such nature that it becomes a question of fact under all the circumstances for the jury to determine. *Walters v. C., R. I. & P. Ry.*, 41 Iowa, 71; *Murphy v. C., R. I. & P. Ry.*, 38 Iowa, 539; 29 Cyc. 418.

The case of *Campbell v. C., R. I. & P. Ry.*, 45 Iowa, 76, cited by appellant, is not in conflict with the conclusion reached. An instruction in that case was to the effect that, unless there was more than ordinary danger to be apprehended, because a train was past due and liable to approach at any time, the section foreman was not required to refrain from

going on the track with his crew and hand car, and negligence could not under such facts be found. This court held the instruction to be erroneous, as it implied that, if there was more than ordinary danger, he should not have done so; and that, of course, there was more danger in operating a hand car under such circumstances, yet such operation was recognized as necessary at times, and that the safety of the section hands was not of such paramount importance as to make it necessarily negligent to take them on the road under such circumstances. The criticism in that case was directed against an instruction, and not upon the evidence necessary to warrant a finding of negligence by the jury; and it was recognized that each case must be determined upon its own facts.

The case of *Frandsen v. C., R. I. & P. Ry.*, 36 Iowa, 372, also relied upon by appellant was for the recovery of damages resulting from a collision of a train and a hand car, and is authority only for the rule as there stated that, although the train was behind time, this would not justify the boss and men in setting off their cars and awaiting the train. It does not go to the question of what constitutes a prudent operation of the car under the circumstances shown to have existed, but held that was a question for the jury.

We conclude that the proof required the submission of the question of negligence to the jury.

III. The claim of contributory negligence cannot be upheld. Whether, in view of the exigency as it appeared to the plaintiff, when the approach of the interurban car was announced, it was negligence on his part to turn and loosen his hold upon the handle bar was for the jury. The evidence as to the lurching of the car and the jostling of his fellows all had bearing upon this question, and upon the degree of care at the time exercised by him. But, giving to the evidence the most that can be claimed for it by the appellant, we cannot say, as a summing up of rights under the law, that one who believes himself to be in danger, and acts instinctively because of that belief in such manner as, under other circumstances,

2. SAME: contributory negligence: evidence.

might be negligent, would be held to have negligently contributed to his injury. Although we may now see that plaintiff was perhaps in no immediate danger from the approaching car, his act when he learned of its coming was not one which we can say he should not have done, as it was a fact question to be determined whether voluntarily or otherwise he did so. Its effect upon his right to recover was for the jury, and the instruction upon that question was correct.

IV. The question of assumed risk was submitted in an instruction which held the employee to the ordinary risks and dangers incident to the work. The right to recover in the

3. Same: assumption of risk.

present case was made by it to depend upon proof of negligence as charged. The authorities cited by the appellant upon this proposition, including the *Bradshaw* case, *supra,* do not alter the rule so well established that, before there can be an assumption of risk, there must be knowledge or presumed knowledge of the danger which he risks and appreciation of it. *Barto v. Telephone Co.,* 126 Iowa, 241; *Morbey v. C. & N. W. Ry.,* 116 Iowa, 84.

The claimed want of experience of the plaintiff which the evidence tended to establish made this with the other questions for the determination of the jury.—*Affirmed.*

Ladd, C. J., and Deemer and Gaynor, JJ., concurring.