## Martin v. Swearengen *et al.*

1. **Pleading:** REPETITION. Our system of pleading contemplates simpleness and plainness of issue, and does not authorize the repetition of allegations in different counts of an answer, when such repetition raises no new issue and presents no additional defense.

*Appeal from Marshall District Court.*
TUESDAY, OCTOBER 25.

PLAINTIFF enlisted as a soldier in the volunteer service, on the 17th of September, 1861. On that day, defendants entered into a written contract with him, reciting that said plaintiff had thus volunteered, and left at home a wife and two children, without sufficient means for their comfortable support, and then obligating themselves, under a penalty of five hundred dollars, as follows: "Now, should the above bounden well and faithfully provide for all the wants said family need, beyond what the said Martin may provide, before he leaves for the army, viz.: house room, fuel, clothing, food, &c., &c.: *Provided*, that said wife shall take care of all things furnished, and shall be industrious and economical in all things pertaining to the support of said family: *Provided*, also, that Marshall county shall not fully and entirely provide for said family at the county expense, then the obligation to be void, otherwise of force, &c."

In September, 1863, plaintiff brought this action, the petition averring that defendants had violated their agreement for the year 1862, and to the time of suit brought, for 1863; setting out the several breaches, consisting in their failure to furnish house, fuel, clothing, food, &c., in a very full and specific manner. The defendant's answer contains six divisions or counts. A demurrer to the *fourth* and sixth, and a motion to strike the *third* and *fifth* counts, were sustained. From these rulings, defendants appeal.

*Brown & Mercer* for the appellant.

*Henderson & Boardman* for the appellee.

WRIGHT, Ch. J. — It will not be necessary to set forth, at length, the matter contained in the several paragraphs 1. PLEAD- or divisions of the answer. As to some of them, INGS: repetition. we need not even state their substance, it being

sufficient to announce the legal rules or principles which must obtain in their construction, and hence control in the disposition of the case. The petition avers a fulfillment of all the conditions therein required, on part of plaintiff; shows that Marshall county has not fully, nor in any manner provided for the wants of his family; that his family has been in need; that his wife has been economical and industrious, and indeed contained all the allegations necessary to show a complete cause of action. The first and second divisions of the answer make an issue specifically, as well as generally, upon all these allegations. The third and fifth divisions do no more than this. With the issue as it stood under the first and second counts, defendants could prove every fact which they could under the third and fifth. A party has no right, after once presenting his issue fairly and clearly, to repeat the same in as many different forms as his ability to command language will enable him to, and thus spin out and incumber the record, confusing the opposite party, the jury and the court with unnecessary, and even positively vicious matter. Our system of pleadings contemplates among other excellencies, singleness and plainness of issue. Not that a party is to be confined, by any means to one defense; nor is a defendant limited to the statement of the same defense, to one form. Nor is it a good cause for striking a clause in an answer, that the *matter* thereof might be proved under a general denial. But matter in defense, and a mere denial of the facts stated in the petition, are very different things. When a party has once plainly and clearly, in specific language, denied each of the averments of the petition essential to the recovery, it is a misuse of terms and of the privileges of pleadings, to say that he may do the same thing in several other counts, and call each a *defense*. Upon this subject generally, see the *Davenport Gas Light and Coke Company* v. *The City of Davenport*, 15 Iowa, 6. The matter objected

to was redundant. (Rev., § 2846.) The demurrer was properly sustained to the fourth and sixth counts. The matter therein contained is not plead as a partial defense. The pleader professes to answer the whole cause of action, and yet the facts alleged show that it is but a part, if any, of it. Not only so, but it is plead hypothetically, that is to say, the pleader no where confesses, either expressly or impliedly, that but for the matter in avoidance the action could be maintained. We would not hold parties to great strictness in this respect. But the substance of the rule we understand to still prevail, that a pleader cannot undertake to plead to the whole cause of action, and aver matter which shows a partial defense. If his defense is partial he may, and should, so plead it. So if he proposes to avoid the action by the statement of new matter, he must first, either in words, or by implication at least, confess that which he proposes to avoid.

A violation of these rules renders the pleading obnoxious to a demurrer (15 Iowa, 8); *Thurb* v. *Walrath*, 6 How. P. R., 196; *Loveland* v. *Hosmer*, 8 Id., 215; *McDougle* v. *Gates*, 21 Ind., 65; *Lewis, Adm'r*, v. *Arford*, Id., 235.

Affirmed.