MOORE v. THE CENTRAL RAILROAD OF IOWA.

1. **Negligence:** RAILROAD: INJURY BY HAND CAR. An employe of a railway company stepped upon the track to avoid a runaway team, and was struck and injured by a hand car; one of the men on the hand car saw him before the car struck him and gave the alarm, which was disregarded until he was seen by the foreman, who then gave the order for the brakes to be applied: *Held*, that there was evidence of negligence to sustain a verdict for the plaintiff.

2. ————: ————: FRIGHT. One acting under the impulse of fright is not held to be negligent in seeking safety where upon reflection he might conclude that he was exposing himself to another danger.

3. ————: ————: AVOIDANCE OF INJURY. Ordinary care required those running the hand car to check its speed if it threatened danger to the plaintiff, even though he was not at the time upon the track, but was only approaching it.

4. **Damages:** PERSONAL INJURY: EVIDENCE. In an action for damages for personal injuries it is competent for the plaintiff to show the nature of his employment, and his dependence thereon for support.

*Appeal from Mahaska District Court.*

WEDNESDAY, APRIL 20, 1874.

ACTION to recover for injuries sustained through the negligence of defendant's employes in running a hand car against and over plaintiff. There was a verdict and judgment for plaintiff in the sum of $2,000. Defendant appeals. The facts of the case are found in the opinion.

*Seevers & Cutts*, for appellant.

*W. S. Kenworthy* and *John F. Lacey*, for appellee.

BECK, J.—The plaintiff was employed in making some repairs or additions to the earth-works of a switch on defendant's railroad, near a station and water tank. About the close of a day's work a team of horses, which he, with others, was using, took fright and ran toward him. At the time he was near, within a pace or so, of the main track of the railroad, and did not observe the frightened team until it was within one rod of him. To avoid the horses plaintiff stepped upon the railroad, and a hand car, operated by defendant's workmen, ran against him, inflicting the injuries which are the foundation of the action.

I. It is first insisted, by defendant's counsel, that there was no evidence offered at the trial of negligence on the part of the workmen engaged in running the car, and, therefore the verdict ought to have been set aside by the District Court. We think differently. The car was running at quite a rapid speed, approaching a place where plaintiff and others were engaged at work near the track; no one on the car seems to have been looking ahead to avoid accident, though before plaintiff was struck he was seen by one or more of the men, and one of them gave an alarm for stopping, which was disregarded, and no effort made to check the

1. NEGLI-GENCE: railroad: injury by hand car.

speed of the car until the foreman saw plaintiff, and gave the order for the brakes to be applied. The evidence of the witnesses does not agree upon the point whether the car could have been stopped before striking plaintiff, had the brakes been used when the first alarm was given. The foreman expresses an opinion as to the distance required to stop the car, which is less than the distance from plaintiff to the car when the alarm was given. Other facts and circumstances of a like character tend to establish negligence of defendant's servants. There was, therefore, evidence of negligence, and, though its preponderance may be regarded for defendant, it cannot be held there is such an absence of proof as to warrant the conclusion that the verdict was the result of passion or prejudice.

II. It is argued that the evidence establishes negligence on the part of plaintiff, and the ground of this position is that he did not, when he ran, or rather stepped, upon the railroad track, look for the car. It is claimed that as it was about the time the workmen would be returning plaintiff ought to have exercised thought and care to discover danger from their approach. The plaintiff fled upon the railroad for safety from the frightened team; it cannot be expected that one under such circumstances will exercise the cool reflection which men ordinarily possess in the absence of danger. See *Frandsen v. C., R. I. & P. R. Co.*, 36 Iowa, 372. It may be that he could have fled in another direction. But he is not to be held negligent if in obedience to the instincts of nature he sought safety by the nearest way of escape rather than by another, which reflection would have pointed out. Besides, as he was fleeing from animals that are not governed by intelligence and prudence, he could well take refuge where the law required these qualities to be exercised by men for his protection. We do not think, under the circumstances, the mere fact that he did not see or look for the car was negligence. This view also disposes of an objection founded upon the refusal to give an instruction to the effect that plaintiff was, in the exercise of ordinary care, required to look for the approaching car, and another denying excuse for want of forethought

on the part of plaintiff on account of fright caused by his danger from the approaching team.

III. The court directed the jury that if the workmen on the hand car knew plaintiff and others were working with a team at the place, and reasonably might have apprehended that if they ran up at a rapid rate the team would become frightened and endanger persons or property, then the running in that manner would be negligence. The rule of the instruction is not claimed to be incorrect, and we do not, therefore, discuss it, but counsel insist that there was no evidence to which it was applicable. We think the objection is not well taken. The workmen were section hands employed in keeping the road in repair and passed the place when they went to their work, and the jury may well have found from these facts that they knew plaintiff and others were engaged in constructing an embankment and that a team was used upon the work.

IV. The defendant asked an instruction to the effect that "if when the section hands on the car saw the plaintiff he was not

3. ——: ——: on the track, then they were not bound to stop the avoidance of injury. car or slacken the speed." This was refused and the ruling is assigned for error. It is clearly incorrect. If plaintiff was not, when first seen by the workmen, upon the track but approaching it with the apparent intention of going upon it, without discovering the car, ordinary care required its speed to be checked. The duty of those on the car required them to stop it, if danger was threatened to plaintiff, whether he was on the track, near it or approaching it.

V. Another instruction asked by defendant announces a rule to the effect that the men upon the car had a right to suppose, if they saw plaintiff on the track, that he would step off, and were not required to check the speed of the car, unless they knew or had reason to suppose he did not see the car. It was refused, and of this defendant complains. The principle of the instruction really is that plaintiff was required to exercise care and prudence for his own safety, and defendant's servants exercised ordinary prudence in acting under a reasonable supposition that he would remove himself from danger; that is, if plaintiff was negligent defendant is not liable even if its

servants were careless, and if plaintiff was not negligent and defendant's servants were, he can recover. Other instructions given by the court announced this rule, and the jury could not have failed to understand their applicability to the supposed facts, did the evidence establish them. The refusal of the instruction, inasmuch as the same rule had been given, was not error.

VI. The plaintiff, in response to certain questions as to his condition and means of support, was permitted to testify as follows: "When I try to labor I suffer; I am a poor man and was poor when the accident happened; have frequently excruciating pain along the spine; my only chance for support of myself and family is my daily labor." The admission of this evidence is made the ground of objection to the judgment. It was proper for the court to admit evidence showing the nature of plaintiff's employment, and his dependence thereon for support as well as the value of his services. In estimating the damages to which he was entitled these facts were lawfully considered. But the ground of objection is, he was permitted to show that he was poor. The mere fact of his poverty did not give him a right to recover increased or diminished damages, and to establish any such right the evidence was inadmissible. But the fact that he depended upon his daily labor for support was a fact proper for the consideration of the jury, and that he was poor tended to establish such dependence. The evidence was not incompetent.

4. DAMAGES: personal injury: evidence.

VII. It is lastly urged that the verdict is excessive. There is not an agreement in the evidence as to the permanency of plaintiff's injuries. They were certainly severe, and resulted in great pain and suffering, and for a long time prevented him from engaging in any employment, and up to the time of trial he could not labor without suffering. We do not think that under the evidence the verdict is for a sum beyond a reasonable compensation for the actual damages he sustained.

AFFIRMED.