## CATE v. GILMAN.

1. **Pleading**: MOTION TO STRIKE. It is not error to refuse to strike out irrelevant or redundant matter from a pleading unless the party moving for it is aggrieved thereby; and he will not be deemed aggrieved unless compelled to traverse facts which are more properly evidence than substantive averments.

*Appeal from Hardin District Court.*

TUESDAY, OCTOBER 26.

THE petition alleges in substance that defendant executed to plaintiff his promissory note for $7,307.79, and when the same matured turned out in part payment thereof a note of the Central Railroad Company of Iowa, which plaintiff received at the price of $5,461.79, leaving a balance due from defend-

ant of $1,846. That defendant then represented that he had a claim of the Central Railroad Company of Iowa against a corporation known as the Taunton Car Company of Massachusetts, for $1,846, for the improper construction of twenty flat cars, and requested plaintiff to receive said claim for collection, and apply the proceeds in payment of the balance due on said note, which plaintiff consented to do, and gave up to defendant said note, and charged him with the balance of $1,846, which defendant expressly promised to pay, if the Taunton Car Company refused to pay the damages due said Railroad Company, of which defendant was general superintendent and president.

That said car company refused to pay any part of said bill, and afterwards plaintiff, by suit, collected $583.26, less costs of collection, and applied it as a credit on the claim of $1,846.

Plaintiff prays judgment for the balance alleged to be due.

The answer is not separated into counts, but contains seven divisions, or paragraphs. It is very long, and we will simply state the substance of the respective paragraphs.

The first contains a specific denial of most of the material allegations in the petition.

The second admits the execution of the note by defendant, and that a note of the Central Railroad Company of Iowa was transferred in part payment of it, leaving a balance of $1,846, which was also credited to defendant on the books of plaintiff.

The third begins with the words, "and for further answer," and avers that in the year 1870, defendant, as the president of the Central Railway Company of Iowa, made a verbal agreement with the plaintiff to furnish said company twenty flat cars, at the price of $640 each, and that plaintiff made a contract with the Taunton Car Company to manufacture them for him.

The substance of the fourth paragraph is that when the cars were delivered at Marshalltown, they were in bad order and defective in construction, and that plaintiff ordered defendant to make the necessary repairs, and agreed to account to the

railroad company for the expense, and to collect the damages from the Taunton Car Company, the manufacturers.

The fifth alleges in substance, that defendant executed his individual note of $7,307.79 to plaintiff for a locomotive, and in payment thereof turned in a note of the Central Railroad Company of Iowa, at the sum of $5,461.79, and that plaintiff at the time proposed crediting defendant, as full payment of the balance on said note, with $1,846, the damages on the contract for the twenty flat cars, which plaintiff claimed he had adjusted with the manufacturers, which was a full adjustment of the damages between plaintiff and the Central Railroad of Iowa, and in full payment of defendant's note.

The sixth paragraph alleges that three years after the transaction respecting the flat cars, plaintiff and defendant had a full settlement of everything connected with their business transactions, and that plaintiff has now no claim against him.

The seventh paragraph states that whatever there may be in the transaction, it was wholly a matter of the Central Railway Company of Iowa, which plaintiff well knew; that plaintiff has succeeded defendant as the president of that company, and whatever claim plaintiff may have is against the company and not against defendant.

The plaintiff filed a motion to strike out all the 3, 4, 5, 6 and 7 divisions or paragraphs of the answer, for the following reasons:

"1. Because the same is no defense or part of a defense.

2. The same is simply argumentative.

3. The same sets up only immaterial matter.

4. The same is irrelevant.

5. The same is a long yarn of immaterial matter, setting up no new matter not previously pleaded, being a qualified denial."

At the same time the plaintiff filed a " demurrer to the second count of the answer, as numbered 3d paragraph and all following it, assigning the following grounds:

"1. Because the same does not pretend to confess the allegations of the petition, yet seeks to avoid the same.

2. The matter pleaded can all be given in evidence under the denial portion of the answer.

3. The said count sets up no defense, as it is neither cross action, counter-claim or evidence, but is a long spun out yarn of immaterial matter, amounting only to denial."

The plaintiff, at the time of filing said motion and demurrer, stated that the motion was filed only to obviate the technical objection that the entire pleading might be claimed to contain one count.

The court overruled both motion and demurrer, and from that judgment plaintiff appeals.

*Brown, Stone & Sears*, for appellant.

Where the same matter is pleaded a second time and is in the nature of a qualified denial and evidence of facts, the court will strike out the plea. (*Martin v. Swearingen*, 17 Iowa, 346; *Davenport, etc., v. City of Davenport*, 15 Id., 6.) A plea in avoidance must be a direct or indirect admission that the right to recover once existed. (Id.) New matter admits the cause of action alleged, yet constitutes a defense to the same. (*Gilbert v. Krum*, 12 Han. Pr., 455; *Ballenger v. Crayne*, 41 N. Y., 116; *Coles v. Soulsly*, 21 Cal., 47.) New matter confesses and avoids the cause of action set up. (*Simonton v. Winter*, 5 Pet., 140; *Greathouse v. Dunlap*, 3 McLean, 303.)

*Huff & Reed*, for appellee.

If defendant demurs and answers at the same time to the same count, the answer waives the demurrer. (*Fisher v. Scholte*, 30 Iowa, 221.) The demurrer assails a pleading because of its insufficiency, and the whole pleading which it assails must be insufficient. (*Hayden v. Anderson*, 17 Iowa, 162.) The right to object to a ruling on a motion directed to a pleading is waived by filing a demurrer. (*Benedict v. Hunt*, 32 Iowa, 27; *Stineman v. Beath*, 36 Id., 73.) A demurrer will not lie to the whole of an answer where some one count of it constitutes a good defense. (*Hayden v. Anderson*, 17

Iowa, 162; *Bonney v. Bonney*, 29 Id., 450; *McPhail v. Hyatt*, Id., 137.) If the answer is not properly divided, a motion to divide it should precede a demurrer. (*Swords v. Russ*, 13 Iowa, 603.) All pleadings should be liberally construed. (*Gray v. Coan*, 23 Iowa, 344; *Doolittle v. Greene*, 32 Id., 123.)

DAY, J.—I. We are of the opinion that the court, in refusing to strike out the matter assailed by plaintiff's motion,

1. PLEADING: motion to strike. committed no error prejudicial to him. The most that can be said of the facts stated in these paragraphs is that they aver matters which might be proved under the specific denials contained in the first paragraph, and that they are therefore unnecessary.

That this alone is not a sufficient cause for striking out a clause in the answer, see *Martin v. Swearengen*, 17 Iowa, 346, cited and relied on by appellant. This is not a case where the same matter is repeated in several clauses or paragraphs. The first paragraph contains the denials of the material allegations of the petition. The second, an admission of the facts not controverted. The third and subsequent paragraphs contain a statement of the facts as the defendant avers them to exist, facts which, for the most part, could be proved under the denials in the first paragraph, which are inconsistent with the allegations of the petition, and which, if proved, disprove the averments made by plaintiff.

Surely it is no prejudice to plaintiff that he is advised of the affirmative matter upon which defendant relies to disprove the allegations of the petition. The Code, section 2719, provides that: "The court may, on motion of any person aggrieved thereby, cause irrevelant or redundant matter to be stricken from any pleadings, at the cost of any party whose pleading contains them." This section authorizes the motion to be made only by a person aggrieved.

"A party has a right to set forth his cause of action fully, and unless he burdens his pleading with matters that are totally irrevelant, impertinent, or imposes upon the defendant the necessity of specifically traversing a great number of facts, which are more properly evidence in support of a cause

of action, than substantive averments to show that a cause of action exists, the defendant cannot be regarded as aggrieved thereby. * * * * Nor is a court to be taxed with the labor and trouble of minutely inspecting a pleading upon summary motion of this kind for the purpose of ascertaining whether averments are, or are not, revelant, unless in cases where it is absolutely incumbent upon the party to get rid of them, to enable him to frame a proper answer." *Maloney v. Davis*, 15 Howard, 261, cited in notes to Section 2946 of the Revision.

The plaintiff sustained no prejudice by the overruling of this motion.

II. The demurrer, it is claimed, should have been sustained, because what plaintiff is pleased to call the second count seeks to avoid the cause of action, and yet does not admit, either directly or by implication, that a cause of action ever existed.

Plaintiff is in error in placing this construction upon the answer. It does admit, directly, that defendant executed his note to plaintiff for $7,307.79. It then undertakes to show in what manner this sum has been discharged. It alleges that defendant transferred a note of the Central Railroad Company of Iowa, for $5,461.79, and that the balance, $1,846, was credited to defendant because of damages sustained on account of the defective construction of twenty flat cars, bought by plaintiff.

We are clear that the demurrer was properly overruled.

AFFIRMED.