North Chicago Street Railroad Co. v. Louis.

# NORTH CHICAGO STREET RAILROAD COMPANY
## v.
## ANNA LOUIS.

*Street Railroads—Negligence—Personal Injuries—Runaway Team—Evidence—Instructions—Remittitur.*

1.  Persons under imminency of peril are not required to exercise all the presence of mind and care of one who is prudent and careful.

2.  In such cases it is a question for the jury, whether or not the party acted rashly and under undue apprehension of danger.

3.  In an action brought to recover from a street railway company for personal injuries arising from being struck by a runaway team belonging to such company, no excuse being offered by it for the escape of the same from the driver thereof, this court declines to interfere with the verdict for the plaintiff.

.[Opinion filed March 10, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. W. B. KEEP, EDMUND FURTHMANN and H. H. MARTIN, for appellant.

Messrs. KRAUS, MAYER & STEIN, for appellee.

GARY, P. J.  The undisputed facts of this case are, that about three o'clock in the afternoon of September 28, 1887, the appellee, a woman fifty years old, accompanied by a boy of five years of age, approached a Lincoln avenue car of the appellants, standing at the east side of the crossing of Cleveland avenue, to receive passengers going toward the center of the city, for the purpose of taking passage on the car.  Lincoln avenue is a northwest and southeast street.

While she was approaching the car, a pair of horses with the whiffletree dangling at their heels, were running away and approaching the same car from the northwest having become detached from another car of the appellants which was following the first at a distance of a block or less.  When the horses came to the first car they divided, one going on each side of it, and she was struck by one of the horses or the whiffletree, and badly injured.

The only dispute on the facts is as to her distance from the car when she was struck, but that dispute would seem to be closed by the fact, not disputed, that the injury to her came from the horses that struck the car which she was approach-

North Chicago Street Railroad Co. v. Louis.

ing. She could only have been struck by them by being where they were, and they were at the car, which they shattered, to some extent; by the collision one of them was killed. The horses came to the car following the track, and she was not upon the track at all, and therefore she was struck after they divided.

No explanation or excuse was offered by the appellants of or for the escape of the horses from the car they were drawing, and from the control of their driver. Such a state of facts makes it of but little importance whether the instructions of the court were strictly accurate or not.

It was a case merely for the assessment of damages. There is testimony that people shouted to her to look out or get out of the way, but how near she was to the car at the first shouting is entirely uncertain, and there is nothing in the case to indicate that she was conscious that a runaway team was approaching, or had any intimation of what was the danger for which she was told to look out, from what direction it was coming, or in which direction she should flee for safety.

That in the confusion and her fright she sought the protecting shelter of the car toward which her thoughts as well as her steps were directed, can not be imputed to her as want of ordinary care for her own safety.

Before a fault in that regard can be charged upon her, it must appear that she had notice of what the peril was that she was to avoid. "Persons under imminency of peril may not be required to exercise all the presence of mind and care of a prudent, careful man; the law makes allowance, and leaves the circumstances to the jury to find if the party acted rashly and under an undue apprehension of the danger." G. & C. M. R. R. v. Yarwood, 17 Ill. 509.

This, it is true, was said of a passenger who had brought the injury he sued for upon himself, in his terror, but the principle is of general application. It was applied in Coulter v. American M. U. Ex. Co., 56 N. Y. 585, where a woman sprang sideways to escape the danger from an express wagon, which was being driven rapidly behind her on the sidewalk, and in so doing hurt herself, the court saying: "The instinctive

effort on the part of the plaintiff to avoid the danger did not relieve the defendant from responsibility."

It appears from the report of the same case in 5 Lansing, 67, that she did not look around, and from the report in 56 N. Y., that the jury found there was no time to do so.

If an injury self-inflicted in avoidance of danger caused by another may be charged to that other, how much more should the party be excused for a failure in "exercising care and prudence for her own safety" under the pressure of that danger. 2 Thomp. Neg. 1092.

This doctrine of care on the part of the plaintiff is generally applied where the want of such care contributed to the injury complained of. Here nothing that the appellee did or failed to do contributed to her injury. That she was ever born at all gave the opportunity for the negligence of the appellants to injure her; and that she was in Lincoln avenue on that September afternoon brought the opportunity nearer. If there were no people on the streets the horses of the appellants might run away on them without hurting anybody; but the presence of people on the streets does not contribute to the hurt they may receive by the horses running away.

The best founded complaint of the appellants on this record is that the court refused to give an instruction that the plaintiff must prove, by *a preponderance of all the evidence*, that she was exercising ordinary care and prudence for her own safety. In the instructions which the court gave in lieu of all that the parties had asked, the jury were told that she must prove that she exercised ordinary care.

On the theory of the court as to the duty of the appellee, the instruction asked by the appellants should have been given, for it is by a preponderance of all the evidence introduced that the party holding the affirmative of an issue is to maintain it. And yet, put the whole doctrine of the decisions upon this subject together, an instruction much less impressive to the mind of average men than that given, as to the burden upon the appellee, would have been sufficient.

As to the sufficiency of an instruction, "the proper question

is, what was the idea designed to be conveyed, and how was it understood by the jury?" Green v. Lewis, 13 Ill. 642. And to maintain the affirmative it is sufficient if the evidence creates probabilities—that the weight of evidence inclines that way. Crabtree v. Reed, 50 Ill. 206. And therefore a jury may be instructed that a mere preponderance of evidence is enough. Miller v. Balthasser, 78 Ill. 302.

So, if in this case the jury had been instructed that the plaintiff must prove by a preponderance of all the evidence, but that it was not necessary that they should be satisfied (Ruff v. Jarrett, 94 Ill. 475), that a mere preponderance, creating probabilities—the weight of evidence inclined that way —would suffice, it would have been much less impressive than the instruction given. The jury rendered a verdict for the appellee, $2,763.50.

The court required her to remit down to $2,000, as a condition precedent to having a judgment on the verdict. This being done, judgment was entered. The appellants can make no point on this action of the court, since the remarks of the Supreme Court in Albin v. Kinney, 96 Ill. 214, and their decision in Union R. M. Co. v. Gillen, 100 Ill. 52.

On the whole record the judgment is right, and must be affirmed.                                         *Judgment affirmed.*