Chicago City Railway Company v. Peter Smith, Administrator of the Estate of Margaret B. Smith, Deceased.

1. NEGLIGENCE—*A Question of Fact.*—Negligence is a question of fact for a jury. Not only are the specific acts which are alleged to be negligent to be proved to the jury, but whether, if proved, they were negligent, is for the jury, and not the court, to determine.

Memorandum.—Death by negligent act. Appeal from the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Heard in this court at the March term, 1894. Reversed and remanded. Opinion filed June 18, 1894.

WM. J. HYNES, attorney for appellant.

CONSIDER H. WILLETT and C. PORTER JOHNSON, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

A span of horses with only the harness on, being driven out of the barn of the appellant, the driver struck one of them with the lines, and the horses ran away, running over and so injuring the mother of the appellee that she died, and this action is by him as administrator. At the instance of the appellee the court instructed the jury:

"The jury are instructed, as a matter of law, that if they find from the evidence that Gunning was the defendant's servant, and that changing the horses by driving them with

nothing but a harness on in a slippery street, where the snow had just fallen, and in all of said acts he was doing as permitted by the defendant, and in so doing in fact exercised ordinary care, yet if the jury find from the evidence that Gunning slapped the off horse with the lines without any cause, which act caused the team to run away, and Gunning to slip and fall so that the team ran away, and said Gunning, then using ordinary care, lost his hold of the lines, and did in every respect use ordinary care, except slapping the off horse with the lines, and by such act causing the team to run away, yet the jury must find for the plaintiff.

The court instructs the jury as a matter of law, that if they find from the evidence that when a team ran away, it was the custom of defendant at its 20th and State street barn to mismate or break up the runaway team by putting each runaway horse with another horse, and so make new teams, and if the jury finds from the evidence that the team in question had run away in February previous, and had not been separated as was such custom with runaway teams, and if the jury further find that the neglecting to observe this custom caused the team to run away upon the occasion in question, the jury will find the defendant guilty.

The court instructs the jury, as a matter of law, that if they find from the evidence that Gunning could, with ordinary efforts, have raised a hue and cry, which would have attracted the attention of Margaret B. Smith, that a runaway team was in the street, and if the jury further find from the evidence that if he had done so it would probably have prevented the injury, and that he neglected any hue and cry whatever, the jury will find the defendant guilty.

The court instructs the jury, as a matter of law, that without regard to what fact may have caused the horses to run away, if they find from the evidence that after the horses did run away that Gunning did not use ordinary care to stop them, and if the jury find from the evidence that it was for the want of ordinary care on the part of Gunning that the horses became loose, and if the jury further find that if Gunning had kept hold of the lines, he would by the use of

ordinary care have prevented the injury to Margaret B. Smith, deceased, then the jury will find for the plaintiff.

The court instructs the jury, as a matter of law, that if from all the evidence in the case, they are in doubt as to what caused the team to run away, and if they find from the evidence that Gunning did not use ordinary care in driving teams generally, which fact was known to the defendant, and if they further find that the team ran away through want of ordinary care by Gunning, the jury will find for the plaintiff."

The appellant excepted, and judgment being entered against it, appealed, and now assigns as error those instructions.

It must be borne in mind that a court knows no more judicially about managing horses, refractory or otherwise, than it does of navigating a steamship in a storm upon the Atlantic; also that negligence is a question of fact for a jury. Not only are the specific acts which are alleged to be negligent to be proved to the jury, but whether, if proved, they were negligent, is for the jury and not the court to determine. Chicago & N. W. Ry. v. Bouck, 33 Ill. App. 123; same v. Frazes, Ibid. 307.

We might be tempted to affirm the judgment notwithstanding the error committed by the judge in telling the jury how to manage horses, and we mean not to impugn his skill, on the ground that justice was done, were it not for the case, North Chicago St. R. R. v. Louis, 138 Ill. 9, where our effort in that direction in the same case, 35 Ill. App. 477, was defeated for an error less serious.

The judgment is reversed and the cause remanded.