## Henry Harnish v. Oscar Hicks.

1.  EVIDENCE—*Degree of Proof Required in Civil Cases.*—In a civil case the party upon whom the burden of proving the affirmative of an issue is cast, is only required to establish it by a preponderance of the evidence.   It is sufficient if the weight of evidence inclines to his side, and an instruction requiring a " clear preponderance " is erroneous.

2. COSTS—*Of an Additional Abstract.*—If there are material defects in an abstract, either of omission or misstatement, it is proper for the opposite party to file a short additional abstract, supplying the omissions and correcting the misstatements, but such defects do not justify the preparation of a new and substantially complete abstract at the cost of the appellant or plaintiff in error.

**Transcript,** from a justice of the peace. Appeal from the Circuit Court of Carroll County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the May term, 1897. Reversed and remanded. Opinion filed September 20, 1897.

HENRY MACKAY, attorney for appellant.

In this case the court said to the jury that the plaintiff need only prove his case by a preponderance of the evidence, but that the defendant must prove his defense by a clear preponderance of the evidence, thus establishing one rule of proof for plaintiff and a different, and severer rule for the defendant's defense. It told the jury that the burden of proof as to payments was on defendant, and the quantity of proof to sustain that burden was a clear preponderance. This defense of payment in full was material and vital to us, and the jury could not but be misled by this instruction. An instruction that the plaintiff or defendant must prove his case or defense by a clear preponderance of the evidence or to the "satisfaction of the jury" is erroneous and fatal. Bitter v. Saathoff, 98 Ill. 266; Crabtree v. Reed, 50 Ill. 206; McDeed v. McDeed, 67 Ill. 545; Peak v. The People, 76 Ill. 289; Bauchwitz v. Tyman, 11 Ill. App. 186; Herrick v. Gary, 83 Ill. 85; Graves v. Colwell, 90 Ill. 612.

Where the evidence is conflicting on material points and the merits of the case doubtful, the instructions given must be accurate and correct and each instruction must be accurate in itself or the judgment will be reversed; such a rule is essential to the ends of justice and can not be ignored. An instruction that the defendant must "satisfactorily prove that he paid the rent," is erroneous. Bauchwitz v. Tyman, 11 Ill. App. 186; Ottawa, etc., Railroad Co. v. McMath, 4 Ill. App. 356; Buchman v. Dodds, 6 Ill. App. 25.

RENNER & SMITH, attorneys for appellee.

MR. JUSTICE DIBELL DELIVERED THE OPINION OF THE COURT.

Appellee was employed to work for appellant as a farm laborer, but left before the expiration of the term of his service. It was a disputed question whether he left with or without sufficient cause for so doing. He brought this suit before a justice of the peace to recover his wages for the time he labored under the contract, and recovered before the justice and again in the Circuit Court, to which appellant appealed, and from the judgment of the latter court appellant again appeals to this court. Upon the trial in the Circuit Court the two main questions in dispute were, first, what rate of wages was agreed to be paid; and second, how much had been paid by appellant to appellee thereon. There was a decided conflict in the evidence upon both said questions. Appellant claimed he had overpaid appellee. If his testimony was true, or if on the question of payment the evidence preponderated in favor of appellant, then this verdict is incorrect. The trial court while instructing that plaintiff must prove his case by a preponderance of the evidence, also, at the instance of the plaintiff, instructed the jury that " the defendant must prove all payments he claims to have made by a clear preponderance of the evidence." This was error. In a civil case the party upon whom the burden of proving the affirmative of an issue is cast, is only required to establish it by a preponderance of the evidence; it is sufficient if the weight of evidence inclines to his side. The requirement of a " clear " preponderance implies, and would be likely to be understood by the jury as requiring, something more satisfactory, convincing and decisive, than a mere inclining of the scales. Mitchell v. Hindman, 150 Ill. 538, and cases there cited; Taylor v. Felsing, 164 Ill. 331; Cartier v. Troy Lumber Co., 35 Ill. App. 449; North Chicago Street Railroad Company v. Louis, 35 Ill. App. 477. In the case at bar, by telling the jury the plaintiff must prove the issues affirmed by him by a preponderance of the evidence, and that defendant must prove any payment he claimed by a clear preponderance, the court made it still more apparent that defendant's payments must be proved

by a greater weight of evidence than was required of the plaintiff to establish his case. As plaintiff and defendant were the only witnesses upon the question of payments, the instruction referred to was likely to be very prejudicial to defendant, and to defeat him as to all payments testified to by him and denied by plaintiff. For error in so instructing the jury, the judgment must be reversed and the cause remanded.

Appellee filed an additional abstract and moved the court to tax the cost of said additional abstract against appellant. The entire record, including all formal matters, covered but eighty-four pages. Appellant's abstract contains thirty-four printed pages. The additional abstract contains twenty-three pages, and is substantially a reproduction of the evidence. We can not approve this practice. If there are material defects in the original transcript, either of omission or misstatement, it is proper for the opposite party to file a short additional abstract, supplying the omission or correcting the misstatements, but such defects do not authorize the appellee to prepare a new and substantially complete abstract at the expense of appellant. The motion to tax the cost of the additional abstract against appellant is denied.

Reversed and remanded.