(Summit Common Pleas, April Term, 1901.)

## WILLIAM H. RHODES v. NORTHERN TRACTION COMPANY.

*Question of proximate cause on motion—*

The question of proximate cause is generally a disputed question and one to be deter-

mined by the jury under the instruction of the court, and it is only in those cases in which there is no dispute, and the facts are plain and clear that the court, as a matter of law, will determine what is or is not proximate cause. Therefore where the petition in an action for personal injuries alleges that the injury was caused by reason of the incompetency and carelessness in defendant's engineer causing the clogging and explosion of boilers, that plaintiff, in attempting to extinguish the fire attempted to cross an open space, where there were loose boards, by reason of which he fell and was injured, the court declined to hold that the loose boards alone were the proximate cause of the injury, but directed that the case should go to the jury on the pleadings, and that the question of proximate cause was to be determined from the evidence.

Motion to strike out of petition.

KOHLER J.

This is a negligence case, and plaintiff sets out in his petition the acts of negligence which he claims resulted in his injury. In brief, he says, he was employed by the Northern Ohio Traction Company at their power houses (whatever it may be) as a fireman, and he describes very fully in the petition the circumstances connected with this event, and the motion is to strike out a large portion of the allegations in the petition on the ground that he sets out things as negligence in the petition that were in no sense the proximate cause of the injury which he alleges he sustained.

Now, it is very difficult in a case like this for the court to determine the question of proximate cause upon a motion to the petition. As a matter of law it is a question to go to the jury to be decided upon the facts of the case, and under proper instructions of the court, as to what is not proximate cause. It is only in those cases where there is no dispute and where the facts are plain and clear that the court, as a matter of law, can say or will say that it is not the proximate cause of the injury complained of; as a general rule, it is a disputed question, and that is to go to the jury to be determined by the jury under the instruction of the court as to the rule in such cases.

He alleges that the engineer employed by the defendant was incompetent and unfit and careless; that the boilers were clogged up with soot and smoke; that there was an open space that the employes had to go over; it was about three feet in depth; and that over this space were some loose boards or planks not guarded by any railing or anything of that kind, and that it was dangerous in that condition.

He alleges that on a certain day (I don't now remember the date) the boiler exploded,

filled the room with steam and that a conflagration was imminent, and thereupon, in the haste and panic of the situation, he attempted to cross these loose boards or plank to get the fire hose and extinguish the fire, and in so doing he fell from this plank into this open space and was injured, and sets out in the petition how he was injured and to what extent he was damaged thereby.

Now, the claim of the counsel for the defendant, the Traction Company, argued upon brief by Mr. Billman of Cleveland, upon one side, and argued orally and upon brief by Mr. Raley upon the other, very fully.

Upon the question of proximate cause, on one side it is claimed that the engineer, if any, and the clogging of these boilers, if any, was not the efficient and immediate cause of the injury, that the injury in fact was caused by this plank and in going across this plank in the way he did, and that is where he was injured, that the explosion occurred, the room was filled with steam and he was not hurt up to that point, but then in going across this plank he fell from it, and if there was any negligence at all it was the negligence in regard to that covered space and covered in that way, and that, therefore, the case ought not to go to the jury upon these previous matters, which did not hurt him at all, directly or proximately.

Now, as I said, it is very difficult on motion always to determine what is proximate cause and what is not.

The rule is well settled that the act complained of must be the proximate cause of the injury. The rule is well known. The difficulty lies n its application. The trouble is to draw the line; it is very hard to trace out things to their first causes; you will have to go a great ways; hence the rule is laid down (counsel are very familiar with it) that the court can only regard that which immediately produces it, but it is not always the direct cause, the immediate cause. There may be what the courts call *causa causans causantis*, *i. e.*, every lawyer is acquainted with that "squib" case, where a man threw a squib and it resulted in a good many things ultimately, where many parties were injured. It was held that the man that threw the squib was the proximate cause of the injury that the others sustained. When a man becomes intoxicated, when he became drunk, raised a revolver, fired it, hit somebody, perhaps killed him, cases have gone so far as to hold that the man who furnished him liquor and produced the intoxication was guilty of the negligence that produced the proximate cause. Then again, where sparks from a locomotive or engine were thrown upon a horse and the horse ran away, and the driver trying to stop him run

against the curb stone and injured a man on the side walk, the question was, what was probable cause, whether the engine had any-thing to do with it, or whether it was the mismanagement of the driver, or the vicious-ness of the horse, the court has held that the railroad company was guilty of negligence in that case, and it was the proximate cause. There m:ght be a great many illustrations given. The cause that lies back of the immediate cause is the proximate cause.

While I am not entirely clear upon this question of proximate cause in this case, but the fact that this boiler exploded and that there was danger of a fire and that this man then, perhaps, having a choice of perils, find-ing that something had to be done to prevent a fire, ran across to another portion of the building to get the fire hose, and in doing so fell, and fell by reason of the negligence of the company in not having the appurtenances and the place where these men were working in a fit condition, as a part of the transaction, the facts being so connected and interwoven by the act and the consequences that the court cannot cut it up, and say simply that it was the defective crossing that injured him and not the explosion of the boiler. I think I will submit, without undertaking now to deter-mine the question of negligence in the case, one way or the other, I will simply say that upon this motion I will let the pleadings stand as they are, and when the evidence is all in I will endeavor to determine the proper rule to be laid down for the jury as to what is the proximate cause, and let the jury deter-mine from all the evidence whether it was, under that rule, the proximate cause of the injury or not.

Motion overruled.

*H. H. Poppleton* and *Billman & Billman*, for Plaintiff.

*Musser & Kohler*, for Defendant.

*H. H. Poppleton* and *Billman & Billman*, for Plaintiff:

It is a question of fact for the jury alone to determine what the proximate cause of the injury was, under proper instructions from the court: *Scott* v. *Shepard*, generally known as the "*Squib Case*," 2 W. Black, 892; *Lowery* v. *Ry. Co.*, 1 N. E .Rep., 608 (99 N. Y., 158; 52 Am. Rep., 12) ; *Tanner* v. *N. Y. Cent. & H. R. R. Co.*, 15 N. E. Rep., 379 (108 N. Y. 623) ; *Hine* v. *Cushing* 6 N. Y. Sup., 850 (53 Hun., 519) ; *Perley* v. *Eastern Ry. Co.*, 98 Mass., 414 (96 Am. Dec., 645) ; *Atchinson, T. &Sante Fe R. R. Co.* v. *Stanford* 12 Kan., 354 15 Am. Rep., 362) ; *Poopers* v. *Railway Co.*, 67 Mo., 715; *Del. Lack. & West. R. R. Co.* v. *Kellogg,* 94 U. S. 469; *Hoyt* v. *Jeffers*, 30 Mich., 181.

Proximate cause: *Adams* v. *Young* 44 Ohio St.. 80 (4 N. E. Rep., 599; 58 Am. Rep.,

789) ; 25 Am. Law Reg., 568-70; *Henry v. Railway Co.*, 50 Cal., 176; *Atchinson, T. & S. F. Ry.* v. *Bales*, 16 Kan. 252; 53 Mo., 366; *Siebert* v. *State* 95 Ind., 474; *Ehrgott* v. *Mayor*, 96 N. Y., 264 (48 Am. Rep., 622) ; *Brown v. Railroad Co.* 11 N. W. Rep., 356 (54 Wis., 342; 41 Am. Rep., 41) ; *New* v. *McKechnie*, 95 N. Y., 632 (47 Am. Rep., 89) ; *Page* v. *Buckport*, 64 Maine, 51; *Schroder* v. *Crawford*, 94 Ill., 357 (23 Am. Rep., 236) ; 109 Ill., 20; *Metallic Casting Co.* v. *Railroad Co.*, 109 Mass., 277 (12 Am. Rep., 689) ; *Rose v. State* 82 Ind., 344, 346; *Ransier* v. *Railroad Co.*, 32 Minn., 331; *Grand Rapids & Ind. R. R.* v. *Boyd*, 65 Ind., 529; *Lee* v. *Railroad Co.*, 12 R. I., 383 (34 Am. Rep., 668) ; *Moore* v. *Railroad Co.* 47 Iowa, 688; *Kennedy v. Mayor*, 73 N. Y., 365 (29 Am. Rep., 169) ; *Pennsylvania Co.*, v. *Langendorf*, 48 Ohio St., 316 (28 N. E. Rep., 172; 13 L. R. A., 190) ; See 126 Mass., 506; 83 Mo., 560; Beach on Contributory Neg., sec. 15, p. 45; Wharton on Neg., sec. 314; Pierce on Railroads, 329; *Gibney* v. *State*, 33 N. E. Rep., 142 (137 N. Y., 1; 19 L. R. A., 365; 33 Am. St. Rep., 690) ; *Penn. R. R. Co.* v. *Snyder*, 55 Ohio St., 342 (45 N. E. Rep., 559; 60 A. S. Rep., 700) ; Kinkead Code Pl., sec. 121; *Cate* v. *Gilman* 41 Iowa, 530; *Petree* v. *Bhotherton*, 32 N. E. Rep., 300 (133 Ind., 692) ; Kinkead Code Pl., sec. 121; Boone Pl., sec. 249, note 13.

A refusal to strike out portions of a com-plaint is not reversible error: *Koehring v. Aultman, Miller & Co.*, 34 N. E. Rep., 30 (7 Ind. App., 475) ; *Petree* v. *Brotherton* U. S. Dig. 1893, p. 3994, n. 202; *Lee* v. *Railroad*, 25 N. W. Rep., 399 (34 Minn., 225) ; *Todd v. Railway*, 35 N. W. Rep., 5 (37 Minn, 358).

*Musser & Kohler*, for Defendant cited: What is proximate cause? Cooly on Torts, page 73; *Pennsylvania Railroad Co.* v. *Hope*, 80 Pa. St., 373 (21 Am. Rep., 100) ; *Phillips v. Dickerson*, 85 Ill., 11 (28 Am. Rep., 607) ; *Campbell* v. *Stillwater* 32 Minn., 308 (50 Am. Rep., 567) ; *Hoag* and *Alger* v. *Railroad Co.*, 85 Pa. St., 293 (27 Am. Rep., 653) ; 16 Am. and Eng. Ency., 436; *Milwaukee & St. Paul Railway Co.* v. *Kellogg*, 94 U. S., 469; *Scheffer* v. *Railroad Co.*, 105 U. S., 249, 252; *Pennsylvania Railroad Co.* v. *Snyder*, 55 Ohio St,. 361 (45 N. E. Rep., 559) ; *Pennsylvania Railroad Co.* v. *Kerr*, 62 Pa. St., 353 (1 Am. Rep., 431) ; fol-lowed; 1887. *West Mahony* v. *Watson*, 9 Atl. Rep., 430 (112 Pa., 574; 56 Am. Rep., 336) ; *Henry* v. *Railroad Co.*, 76 Mo., 288; 1884. *Lewis* v. *Railway Co.*, 19 N. W. Rep., 744 54 Mich., 55; 52 Am. Rep., 790) ; *Beucker* v. *Barker*, 21 O. C. C. 540.